Norman Nusbaum, Appellant, v. Pennsylvania Railroad Company, Appellee.

Gen. No. 44,933.

 Opinion filed March 8, 1950. Released for publication April 3, 1950.

ISADORE J. STEIN, of Chicago, for appellant.

THEODORE SCHMIDT, P. J. CRONIN, and HARRY I. PARSONS, all of Chicago, for appellee; FAY WARREN JOHNSON, of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

Norman Nusbaum filed a complaint in the superior court of Cook county against the Pennsylvania Railroad Company charging that on April 21, 1945, at Chicago, the defendant, by its servants and agents unlawfully and maliciously made an assault upon him,

forced him to enter the premises of the defendant and imprisoned him without any reasonable or probable cause and against his will, to the injury of his good reputation, body and mind. He asked damages of $10,000. On issue joined the case was tried before the court and a jury, resulting in a verdict of "not guilty." A motion for a new trial was denied and judgment entered on the verdict, to reverse which this appeal is prosecuted.

There was a conflict in the testimony. The case was properly submitted to the jury. There is no contention that the judgment is against the manifest weight of the evidence. Plaintiff urges that the judgment be reversed and the cause remanded for a new trial on the sole ground that the argument of counsel for the defendant "wilfully prejudiced the jury by appealing and arousing their passion" against him and "by injuring" his good character and that of his attorneys after several warnings by the court. We have read the transcript of the argument to the jury. The arguments of the respective attorneys taken as a whole were not improper or inflamatory. Attorneys are permitted a wide latitude in arguing a case. Whenever objection was made, the trial court, where warranted, cautioned counsel. Some of the remarks about which plaintiff complains were improper. However, a reading of the transcript of the trial convinces us that the remarks did not prejudice plaintiff and that he received a fair trial. The trial judge did not err in overruling the motion for a new trial. Therefore, the judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

Lewe, P. J., and Kiley, J., concur.